**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000437
25-JAN-2023
08:38 AM
Dkt. 47 SO**

NOS. CAAP-19-0000437 & CAAP-19-0000658

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


MTGLQ INVESTORS, L.P., Plaintiff-Appellee, v.
WILLIAM HALEMANO FREDERICK, Defendant-Appellant,
and
UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY
OF NORTH CAROLINA; FEDERAL HOME LOAN MORTGAGE
CORPORATION, Defendants-Appellees,
and
DOES 1 through 20, Inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 17-1-1439-09 (JHC))


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and McCullen, JJ.)

These consolidated appeals arise out of a foreclosure action brought by Plaintiff-Appellee MTGLQ Investors, L.P. (**MTGLQ**) against self-represented Defendant-Appellant William Halemano Frederick (**Frederick**)[1] and other defendants.  In appellate case no. CAAP-19-0000437, Frederick appeals from the May 15, 2019 Judgment and interlocutory decree of foreclosure (**Foreclosure Judgment**), entered in favor of MTGLQ and against all defendants by the Circuit Court of the First Circuit (**Circuit Court**).[2]  In appellate case no. CAAP-19-0000658, Frederick appeals from the Circuit Court's August 26, 2019 "Order Denying . . . Frederick's Motion for Relief from Judgment Filed June 14,

---

[1]     In various documents in the record, Frederick appears to also refer to himself as William Michael Halemano.

[2]     The Honorable Jeanette H. Castagnetti presided.

2019" (**Order Denying Motion for Relief**).

For the reasons explained below, we affirm the Foreclosure Judgment and the Order Denying Motion for Relief.

## I.   Background

On September 6, 2017, MTGLQ filed a verified complaint for mortgage foreclosure against Frederick and other defendants regarding property located in Waiʻanae, Hawaiʻi (**subject property**).  It appears that Frederick did not file an answer or otherwise respond to the complaint.  On October 31, 2018, the Circuit Court entered an order of default against Frederick.

On November 8, 2018, MTGLQ filed a motion for summary judgment and an interlocutory decree of foreclosure against Frederick and the other defendants (**Motion for Summary Judgment**).

On December 19, 2018, Frederick filed documents titled: (i) "Notice of [D]eed of Equitable Power and [A]uthority [G]ranted[,] Notice of [I]nterest"; (ii) "Notice of [D]eed of [E]quitable Power and Authority Granted[,] Bill in Equity"; (iii) Notice of [D]eed of Equitable Power and [A]uthority [G]ranted[,] Affidavit in [S]upport of Bill in Equity; (iv) Decree; and (v) Exhibit A.  Frederick did not file an opposition to the Motion for Summary Judgment or appear at the December 26, 2018 hearing on the motion.

On May 15, 2019, the Circuit Court entered its "Findings of Fact and Conclusions of Law; Order Granting [MTGLQ's] Motion for Summary Judgment and for Interlocutory Decree of Foreclosure filed November 8, 2018."  On the same date, the Circuit Court entered the Foreclosure Judgment.

On June 14, 2019, Frederick filed a notice of appeal from the Foreclosure Judgment, initiating CAAP-19-0000437.

On the same date, Frederick filed a "Motion for Relief from Judgement" (**Motion for Relief from Judgment**) in the Circuit Court.  In the two-page motion, Frederick relied on "Hawaii Rules of Civil Procedure, Rule 60(b), Relief from Judgment for misrepresentation or other misconduct of an adverse party."  The nature of any alleged "misrepresentation or other misconduct" was not specified.

On August 26, 2019, the Circuit Court entered the Order Denying Motion for Relief.

On September 25, 2019, Frederick filed a notice of appeal from the Order Denying Motion for Relief, initiating CAAP-19-0000658.

On December 8, 2022, this court entered an order consolidating Frederick's two appeals.

## II.  Discussion

In CAAP-19-0000437, Frederick asserts the following points of error:

(1) The Circuit Court abused its discretion in not requiring MTGLQ to prove "it was the real party in interest and had standing to judicially foreclose," where "[t]he affidavit proffered in support of [the Motion for] Summary [J]udgment contain[ed] false statements";

(2) As a result of the above error, the Circuit Court improperly denied the Motion for Relief from Judgment;

(3) MTGLQ did not proffer evidence to establish the assignment of the subject mortgage; and

(4) Frederick was not properly served with MTGLQ's Motion for Summary Judgment.

Frederick did not raise any of these arguments in the Circuit Court.  Indeed, he did not file an opposition to the Motion for Summary Judgment or appear at the hearing of the motion.[3/]  Generally, if a party does not raise an argument at the trial level, that argument will be deemed to have been waived on appeal.  See Cnty. of Hawai‘i v. C & J Coupe Family Ltd. P'ship, 119 Hawai‘i 352, 373, 198 P.3d 615, 636 (2008) (quoting State v. Moses, 102 Hawai‘i 449, 456, 77 P.3d 940, 947 (2003)); HRAP Rule 28(b)(4)(iii).  Accordingly, Frederick's four points of error are deemed waived as to the Foreclosure Judgment.

In CAAP-19-0000658, Frederick asserts no points of error in his opening brief and makes no discernible argument explaining how the Circuit Court erred in denying the Motion for

---

[3/]    We note that the evidence before the Circuit Court established that Frederick was properly served with the Motion for Summary Judgment.

Relief from Judgment. <u>See</u> HRAP Rules 28(b)(4) and (7). Even if we consider Frederick's second point of error in CAAP-19-0000437 as having been asserted in CAAP-19-0000658, we conclude that Frederick did not raise below the argument he now appears to assert on appeal – that MTGLQ failed to establish its standing to foreclose due to alleged defects in the Declaration in Support of [MTGLQ's] Motion for Summary Judgment," signed by Jana Love on October 23, 2018. Because Frederick did not raise this argument in the Circuit Court, it is deemed waived. <u>See</u> <u>C & J Coupe Family Ltd. P'ship</u>, 119 Hawaiʻi at 373, 198 P.3d at 636; HRAP Rule 28(b)(4)(iii).

In any event, the record includes evidence establishing that MTGLQ had standing to foreclose on the subject property.

### III. Conclusion

For the reasons discussed above, we affirm the following judgment and order entered in the Circuit Court of the First Circuit:

(1) In CAAP-19-0000437, the May 15, 2019 Judgment; and

(2) In CAAP-19-0000658, the August 26, 2019 "Order Denying Defendant William Halemano Frederick's Motion for Relief from Judgment Filed June 14, 2019."

DATED: Honolulu, Hawaiʻi, January 25, 2023.

On the briefs:

William Halemano Frederick, Self-represented Defendant-Appellant.

Justin S. Moyer
(Aldridge Pite, LLP)
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge